

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Thomas Pepe,
Plaintiff,

v.

Christopher DeCosta,
Defendant.

Case No. (To be assigned)   2:25-cv-590-JLB-NPM

## MOTION FOR JUDICIAL NOTICE

COMES NOW Plaintiff, Thomas Pepe, pro se, pursuant to Federal Rule of Evidence 201, and respectfully requests that this Court take judicial notice of the following publicly known and verifiable facts that are central to the underlying claims of fraud, obstruction, and abuse of process in this action:

1. In Case No. 22-CA-003265 (Lee County Circuit Court), a lis pendens was filed against the property of the Estate of Eugene Pepe without Plaintiff's knowledge while he was acting as the duly appointed personal representative.

2. The lis pendens was not served on or disclosed to Plaintiff at the time of filing and remained concealed from him until it was uncovered by attorney Ralph Confreda during an internal investigation authorized by U.S. Bank Vice President James Chosy.

3. The lis pendens was materially false and used to cloud title and facilitate an unlawful foreclosure action against the estate property.

4. The concealment of this lis pendens and reliance upon it by Defendant and co-conspirators constituted fraud upon the court and obstruction of justice, violating Plaintiff's due process rights.

5. The state court, under Judge James Shenko, took no action sua sponte to strike or disclose the fraudulent filing, and instead permitted proceedings based on this document to continue.

6. The events described are matters of public record in Lee County Court and the U.S. District Court for the Middle District of Florida (Case No. 2:23-cv-01212).

WHEREFORE, Plaintiff respectfully requests this Honorable Court to take judicial notice of the above-described facts and events, as they are central to the claims asserted and meet the criteria under Rule 201(b) for adjudicative facts not subject to reasonable dispute.

Dated: June 30, 2025

Respectfully submitted,

Thomas Pepe
1113 Sterling Point Place
Gulf Breeze, FL 32563
boysandtoys45@aol.com
(850) 798-0877

February 1, 2023


Dear Honorable Judge Alane C. Laboda,


Please find the following contract that I have submitted to you via the E-file portal. There are 2 contracts that are in the sale of my father's estate for the sale of the property 2056 Barbados Ave, Fort Myers Florida 33905. One is dated 4/2/22 and the other 5/3/22.

The First contract is dated and signed by both myself and the buyer Uke Larqi on 4/22/2022 that myself and then Attorney Steven Rubino created. In that contract the buyer Uke Larqi agreed to the sale price of $290,000 and deposit escrow of $25,000 by end of day 5pm. Uke stated "Time was of the essence" so he could secure this property. Luke called me 13 times within 3 hours that day over this property and so I informed him that if he wanted to secure the property that day, he should deposit the escrow that day 4/22/22 by 5pm and while Steven Rubino was the escrow agent that he should immediately contact him and be sure to submit our contract to Steven Rubino to ensure accuracy on both my submittal as well as his.

On 4/25/22 Steven Rubino my then attorney then changes the game plan and tells me I should get a real estate agent to transfer our 4/22/22 contract to a Florida real estate contract. Steven Rubino never mentioned if Luke deposited the escrow on 4/22/22 by 5pm as agreed. I now presumed that the escrow would be deposited by the contract date of 4/30/22 or per the contract the contract would be breached.

On 4/28/2022 I met with Saul Villalobos of Keller Williams real estate agency and my witness Ted Long. Saul I informed that the working contract I handed him dated 4/22/22 was simply be transferred from the existing contract to a Florida real estate contract. Saul was informed that the principle conditions of the contract were the price of the home was $290,000, escrow deposit was $25,000 and was due on or by 4/30/22 5pm and the closing date to be was 6/30/22. Saul was informed that buyer, seller and probate attorney were to review the contract that Saul transferred to a Florida real estate contract and upon the attorney's approval would be signed by buyer and seller. Saul then informed myself and my witness Ted that he was representing us as a sellers agent and would be due a standard 6 % realtor commission fee.

On 5/3/2022 I received an email notification from Docu-sign with a note from Saul to sign the Florida real estate contract. When I opened Docu-sign I noticed that Saul had first sent the contract to the buyer for signature and that now he was sending for me to sign which informed me that Saul got the aproval from the attorney Steven Rubino as we discussed In adition I receive an email notification thru Docu-sign that shows Saul changed his Sellers Commission from 6% to 3 % with no explanation.

The pattern informed me that Steven Rubino reviewed and approved the contract and that the 4/30/22 escrow deposit had been collected. I never received a 4/30/22 escrow deposit receipt and if it was collected, I never signed to release it. The 5/3/22 contract now shows the escrow as $2996.00 deposited on 5/4/22 again I am not informed nor have a receipt and the closing date is now changed to 6/16/22 with no authorization by myself which violates the two principle conditions of my 4/22/22 contract.

The 5/3/22 contract is not the same contract as the 4/22/22 contract. Two principle conditions are not the same that I informed and presented to Saul. The escrow on 5/3/22 shows the escrow at $2996.00 with a close date of 6/16/22.  The signed 4/22/22 shows the escrow to be $25,000 to be collected and deposited by 4/30/22 by 5pm and the closing date is 6/30/22.  The escrow was in fact collected on 5/4/22 which again violated two principle conditions and shows the buyers intent due to the fact he had deadlines to meet and failed.

They willfully omitted informing me that the 4/22/22 contract was breached and willfully deceived me into believing that the 5/3/22 was the 4/22/22 using Docusign so they could as the means to forward the deception.

They willfully omitted the breach in the 4/22/22 then willfully created and carried the 5/3/22 contract which is FRAUD.


Thank you,

Thomas Pepe


home with a witness Ted Long a UPS executive and was also given Steven Rubino's contact information. I explained he needed to contact Steven Rubino and put our contract that Steven Rubino and I created on his form.  Saul understood by the time he left my home that the sale price was to be $290,000 and the escrow was to be $25,000 and that Steven Rubino was the holding title company, probate attorney and that the buyer and I have already signed the contract and I am just waiting to speak to Steven Rubino as to what is next as I had not heard from him in some time.


and to make sure he spoke4/22/22 even though the contract read the escrow would be do on or before 4/30/22 and the amount was to be $25,000. He was also to provide this information along with the contract to my attorney Steven Rubino as Steven Rubino was the title company that would be holding escrow and Steven Rubino was to amend the contract to read escrow would be deposited 4/22/22 in the amount of $25,000.  I emailed Steven Rubino to let him know and asked him to call me but I did not hear back from him until three days later. I made it very clear that Steven Rubino was my probate attorney and nothing is final until he signs off on any contract. Luke agreed.  Luke did not submit that escrow on 4/22/22 or 4/30/22 and did not tell me and Steven Rubino never told me that Luke did not submit the escrow essentially breaching the contract. BUT I AM NOT TOLD. Even further more Luke the buyer is a Buyer's real estate agent and never discloses that to me either.  He tells me he is in investor and buys and flips houses that is why "Time is of the essence" however looking into things I find it hard to believe that he is would not be the buyer for Steven Pepe and Linda Cattano.  I will be submitting emails by Steven Pepe to show why I am suspicious.

**In fact it would seem very suspicious they did not after you read what happens next.**

My then attorney Steven Rubino then changes the game plan and tells me I should get a real estate agent to assist with the sale of the home but never sent me the receipt for escrow that luke was to send on/4/22/22. All of a sudden a signed contract is no longer spoken about. Steven Rubino does not inform me that the buyer did not deposit the escrow on 4/22/22 or 4/30/22 and neither does the buyer Luke who harassed me calling me 13 times in one day as if it were critical and time was of the essence, he get this property. Essentially voiding out the contract but I am never told any of this my attorney.

On 4/28/2022 Saul Villalobos of Keller Williams was the realtor I hired. He was given the 4/22/2022 contract that Steven Rubino and I created and I verbally communicated with him in my home with a witness Ted Long a UPS executive and was also given Steven Rubino's contact information. I explained he needed to contact Steven Rubino and put our contract that Steven Rubino and I created on his form. Saul understood by the time he left my home that the sale price was to be $290,000 and the escrow was to be $25,000 and that Steven Rubino was the holding title company, probate attorney and that the buyer and I have already signed the contract and I am just waiting to speak to Steven Rubino as to what is next as I had not heard from him in some time.

# What happened with the contract dated 4/22/22 was essentially tossed and I was never told about it. To this day my realtor never mentions it.

On 5/3/2022 I received an email notification from Docu-sign with a note from Saul to sign the Florida real estate contract. When I opened Docu-sign I noticed that Saul had first sent the contract to the buyer for signature and that now he was sending for me to sign which indicated to me that Saul got the approval from the attorney Steven Rubino then got the signature from the buyer and then I was to sign the contract. must have approved it as that was the structure that was understood by all parties and myself.

told by Saul Villalobos that I had to sign the contract using Docu-sign even though the contract was already signed on 4/22/22. At this point I figured great deal escrow must have been collected and we are moving forward. When he told me this I said okay since the information was only to be copied from one form to the other and that my attorney approved it and it was ready to go. I later found out the escrow was changed from $25,000 to $2996.00 and the closing date was changed from 6/30/22 to 6/16/22. In adition he changed the words contract to OFFER this was all done with no prior permission, discussions or knowledge. So when I signed thru Docu sign I thought Saul and Steven were acting in my best interest and the information was what we all discussed and agreed upon verbally and in writing. In

addition Saul never went over this contract with me nor did Steven Rubino. In fact Steven Rubino instead notifies me he is withdrawing from the case.

I entrusted both Steven Rubino attorney at law and Saul Villalobos Licensed real estate agent to ensure the interests of the estate, the heirs, myself and probate courts interest instead what I received is what looks like to be FRAUD.

While the last hearing was now Doug Goldin has withdrew it seems that the estate has essentially been stalled even longer costing me tons of money that I am told I will never get back and the home is at risk of foreclosure.

I ask this your honor

Who came up with the new escrow and closing date and how did this all occur as I was in the dark about it all. According to real estate code of ethnics everyone must be transparent and by Law omitting, concealing or misleading a buyer or seller is absolute FRAUD.

Please help this estate get resolved by these issues of what seems to be fraud. I believe my attorney and realtor are obligated to be transparent with it in it's entirety and I am finding that is not the case.

Thank you,

Thomas Pepe